IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD RIDDLE, | ) | |
| | ) | No. 18 cv |
| Plaintiff | ) | |
| | ) | |
| v. | ) | District Judge |
| | ) | |
| MIDWEST SNOW ANGELS, INC., A/K/A | ) | Magistrate Judge |
| "SNOWBIZ", CHICAGO SERVICE SOLUTION GROUP, | ) | |
| INC., A/K/A "CHICAGO SERVICE GROUP", AND | ) | *JURY DEMAND* |
| PHILLIP LEVATO, INDIVIDUALLY | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

NOW COMES Plaintiff, CLIFFORD RIDDLE, by and through his attorney, JOHN W. BILLHORN, and for his Complaint against Defendants, MIDWEST SNOW ANGELS, INC., A/K/A "SNOWBIZ", CHICAGO SERVICE SOLUTION GROUP, INC., A/K/A "CHICAGO SERVICE GROUP", AND PHILLIP LEVATO, INDIVIDUALLY, states as follows:

### I.  NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

### II.  JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or was engaged in business in this district.

III.  THE PARTIES

3.  Defendant, MIDWEST SNOW ANGELS, INC., A/K/A "SNOWBIZ", CHICAGO SERVICE SOLUTION GROUP, INC., A/K/A "CHICAGO SERVICE GROUP", is engaged in the business of providing seasonal services including snow removal, asphalt/concrete surfacing, and landscaping. Defendant is an "enterprise" and an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. §203. During all relevant times, Defendant MIDWEST SNOW ANGELS, INC., D/B/A "SNOWBIZ", CHICAGO SERVICE SOLUTION GROUP, INC., A/K/A "CHICAGO SERVICE GROUP" was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.  Defendant, PHILLIP LEVATO, is the owner and/or engaged in active management of MIDWEST SNOW ANGELS, INC., A/K/A "SNOWBIZ", CHICAGO SERVICE SOLUTION GROUP, INC., A/K/A "CHICAGO SERVICE GROUP" and was involved in significant aspects of the corporation's day-to-day operations including the compensation policies and practices of employees and, at all times relevant hereto, was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff. Therefore, as defined under both the federal and state statutes relied upon, Defendant PHILLIP LEVATO, INDIVIDUALLY, is an "employer".

5.  Plaintiff, CLIFFORD RIDDLE is a former employee who, under the direct supervision of Defendant PHILLIP LEVATO, helped organize and dispatch job assignments to work crews and was compensated as an hourly employee and denied overtime compensation for hours worked in excess of 40 in a workweek. As an employee performing duties for an enterprise engaged in commerce, Plaintiff was also engaged in commerce as defined by the FLSA.

6. The total amount of hours worked by Plaintiff and therefore the total number of overtime hours for which additional compensation is owed, is information substantially if

2

not completely within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found in 29 CFR, Part 516.

## IV.  STATUTORY VIOLATIONS

7.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff for damages suffered by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.*  Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations.  Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

8.  Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

## V.  FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

9.   Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

10.   During Plaintiff's employment, Defendants paid Plaintiff on an hourly compensation plan.

11.  Plaintiff worked in excess of forty (40) hours in a workweek without pay for all hours worked over forty (40) at a rate of time and one-half their regular hourly rate of pay, in contrast to the requirements of the federal and state statutes herein relied upon.

12.  Additionally, during the course of his employment as a dispatcher, Plaintiff was required to perform work off the clock in the evening at home on a weekly basis.  In some instances, that unpaid time should have been compensated at time and one-half Plaintiff's regular hourly rates because if the unpaid time was properly treated as compensable,

3

Plaintiff would have been over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at Plaintiff's regular hourly rate.

13. Additionally, Plaintiff's employment ended in March 2018, and Defendants have refused to pay Plaintiff in full for work completed during February 2018 in the sum of $2,800.00.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-13. Paragraphs 1 through 13 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 13 of this Count I.

14. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

15. Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff as described above.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-15   Paragraphs 1 through 15 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 15 of Count II.

16.   Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes.  Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

17.   Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a)   awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)   awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)   awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)   for such additional relief the Court deems appropriate under the circumstances.

5

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-17. Paragraphs 1 through 17 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 17 of Count III.

18. In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

19. Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-19. Paragraphs 1 through 19 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of this Count IV.

20. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

21. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

22. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 06/08/2018*

/s/ John W. Billhorn
_____
John William Billhorn


BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff.